## SLIMP et al. v. STUCKERT et al.
### No. 13298.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 17, 1936.

Rehearing Denied March 13, 1936.

Ernest R. Hawkins and C. B. Ambrose, both of Fort Worth, for plaintiffs in error.

Ernest May, of Fort Worth, for defendants in error Stuckert and Standard Building & Loan Ass'n.

A. B. Curtis and A. L. Camp, both of Fort Worth, for defendant in error McCart.

MARTIN, Justice.

The writ of error in this case is grounded upon the action of the trial court in sustaining a plea of limitation and a plea of res judicata to plaintiffs' second amended original petition filed on September 29, 1934.

The alleged cause of action was based upon false and fraudulent representations made by J. L. Clarkson to the plaintiffs W. M. Slimp and wife, Johnnie Slimp, by which they were induced to convey a farm in Wise county, Tex., to said Clarkson in exchange for an apartment house in the city of Fort Worth, assuming an indebtedness due the Standard Building & Loan Asso-

ciation of $27,250. It was alleged that Clarkson, acting as managing director of the Building & Loan Association, promised that this indebtedness would be extended indefinitely by the association, representing that it was in fine financial condition and would accept one-half of the net income from the apartment house in lieu of the fixed monthly payments. It was also alleged that H. C. McCart, president of the association, confirmed the representations and promises of Clarkson and that plaintiffs were thereby induced to and did convey their farm in Wise county to Clarkson. That the title to said apartment property was held by one Idabel Pollard, who signed the deed transferring same to plaintiffs on or about October 9, 1930, when plaintiffs took possession of the Fort Worth property and delivered the Wise county farm by deed to Clarkson; that the representations of Clarkson and McCart, as to the financial ability of the association to extend the indebtedness were false and that in December, 1930, at the suit of James Shaw, state banking commissioner, the Standard Building & Loan Association was put into receivership, J. L. Stuckert being appointed receiver for the same, and that he refused to perform the promises of Clarkson and McCart, and filed suit to foreclose the lien of the association upon said apartment house and on February 17, 1931, took possession of the same by sequestration, ousting the plaintiffs therefrom. That plaintiffs defended the foreclosure suit but suffered judgment against them on January 18, 1933, in the Seventeenth district court of Tarrant county, by which judgment they were divested of title and possession of said apartment house property. It was alleged that Slimp and wife were divorced and that Johnnie Slimp has now the name of Johnnie Huff and that she is a feme sole. Prayer was for damages in the alleged net value of plaintiffs' equity in the Wise county farm, alleged to be $15,000.

Defendants Stuckert, receiver, and Mc-Cart answered by general and special exceptions, setting up the statute of limitations and res judicata and by general denial. As stated above, the trial court sustained these exceptions, and the writ of error brings this action of the court here for review.

It appears that the original suit was filed March 8, 1933. This being an ac-

tion for fraud, limitation would begin to run from the discovery of the fraud and the period in such cases is two years. From the specific allegations in the petition, suit for foreclosure of lien of the apartment property was filed by the receiver in January, 1931, and on the 17th of February, 1931, the possession was taken under sequestration. Certainly these proceedings brought knowledge to the plaintiffs that they had been defrauded, if such was the case, and set in motion the period of limitation, and nearly a month more than two years elapsed before March 8, 1933, when they filed their original petition in this case. It follows that we must sustain the action of the trial court upon the question of limitation, and, having done so, we pretermit discussion of the plea of res judicata as purely academic.

The judgment of the trial court is affirmed.